[650 NYS2d 280]

In the Matter of John H. Kyreakedes, an Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, November 18, 1996

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By decision and order of this Court, dated July 9, 1996, the respondent was suspended from the practice of law, pursuant to 22 NYCRR 691.4 *(l)* (1) (i), until further order of this Court, upon a finding that he is guilty of professional misconduct immediately threatening the public interest in that he has failed to comply with the lawful demands of the Grievance Commit-

tee, unless the respondent provided the written answers and any other documents demanded by the Grievance Committee within 10 days. By that same decision and order, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent, with a petition to be filed within 30 days, the respondent was directed to submit an answer within 10 days, and the matter was referred to the Honorable Lester Sacks, as Special Referee, to hear and report.

On August 9, 1996, the respondent was personally served with the verified petition containing 10 charges of professional misconduct against him. The charges were couched in terms of the respondent's failure to comply with the lawful demands of the petitioner in connection with its investigation. To date, the respondent has neither submitted his verified answer nor requested an extension of his time to do so. Grievance Counsel had previously informed the Court, by letter dated August 6, 1996, of the respondent's failure to fully comply with the Grievance Committee's lawful demands within the time specified by the Court, and requested that an order be issued immediately suspending the respondent from the practice of law.

The Grievance Committee now moves to impose discipline upon the respondent based on his default and has served the respondent with the notice of motion and accompanying affirmation on August 27, 1996. The respondent has failed to respond to the motion to impose discipline upon his default.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or answer these proceedings, the charges must be deemed established. The petitioner's motion to hold the respondent in default and impose discipline is, therefore, granted. Accordingly, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, O'BRIEN and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, John H. Kyreakedes, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys *(see,* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, John H. Kyreakedes is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.